IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUIS VASQUEZ,

                                                                               OPINION and ORDER

                Plaintiff,

                                                                                07-cv-724-bbc

      v.

JOHN NICKEL, JOSHUA FLETCHER,
TYLER KMIECIK, CURT JANSSEN, ROBERT
GUTJAHR and EMIL TONEY,[1]

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this case brought under 42 U.S.C. § 1983, plaintiff Luis Vasquez is proceeding on two claims arising out of a search that occurred on August 21, 200.  He alleges that (1) during the search, defendants John Nickel and Joshua Fletcher fondled his genitals; and (2) defendants Tyler Kmiecik, Curt Janssen, Robert Gutjahr and Emil Toney failed to intervene to stop the search.

      Now before the court is defendants' motion for summary judgment.  As an initial matter, I will grant plaintiff's motion to file his response to defendants' motion for summary

---

[1] I have amended the caption to include defendants' correctly spelled names as identified in defendants' summary judgment materials.

1

judgment one day late. I will deny defendants' motion because the parties genuinely dispute whether defendants Nickel and Fletcher fondled plaintiff's genitals and whether the other defendants observed the assault without trying to stop it.

From the facts proposed by the parties, I find that the following facts are material and undisputed.

## UNDISPUTED FACTS

Plaintiff Luis Vasquez is a prisoner at the Waupun Correctional Institution in Waupun, Wisconsin. At all relevant times, all the defendants worked at the Waupun Correction Institution; defendants John Nickel. Joshua Fletcher and Tyler Kmiecik were correctional officers;  defendant Curtis Janssen was a Supervising Officer 2; and defendants Emil Toney and Robert Gutjahr were correctional sergeants.

On August 21, 2006, at approximately 12:05 a.m., defendant Gutjahr received a call from the Health and Segregation Control Officer stating that plaintiff had called on the intercom and said he was going to commit suicide. Gutjahr went to plaintiff's cell and observed that he had written the word "suicide" on the window and covered it with paper. Plaintiff did not respond to Gutjahr's requests, but defendant Janssen, who arrived later. convinced plaintiff to uncover his window and to remove socks that he had tied around his neck.

2

Staff directed plaintiff to come to the cell door and he complied.  Defendant Gutjahr restrained plaintiff and escorted him to the strip cell.  Defendant Nickel held plaintiff by the left arm and defendant Kmiecik held him by the right arm.  Defendant Toney cut off plaintiff's shirt and removed plaintiff's pants.  (The parties dispute whether any of the defendants touched plaintiff's genitals during the search.  Defendants say the inspection was solely visual.  Plaintiff says that defendant Nickel fondled his genitals, stating "oops" and smiling while looking up at plaintiff, that defendant Fletcher grabbed and fondled plaintiff's genitals while smirking, that defendants Janssen, Toney and Gutjahr were glancing, laughing and smiling during the search and that defendant Kmiecik was present but failed to stop the sexual assault from occurring.)

OPINION

The sole issue in this case is whether defendants violated plaintiff's rights in the manner in which they conducted the strip search.  Under Wisconsin regulations, prisoners are strip searched as a matter of course any time their status is changed within the institution, Wis. Admin. Code § DOC 306.17(2)©), as plaintiff was in this instance. Because the purpose of such searches is to detect contraband, they are legal, even if defendants did not have any particularized suspicion that plaintiff had unauthorized items. Peckham v. Wisconsin Dept. of Corrections, 141 F.3d 694, 695 (7th Cir. 1998) (upholding

3

various routine strip searches of prisoners, including those that occur "whenever prison officials undertake a general search of a cell block").

During a strip search, any staff member may conduct a visual inspection of an inmate's body cavities. Wis. Admin. Code § DOC 306.17(2)(b). In some cases, there may be legitimate security reasons for denying a prisoner the opportunity to comply with a visual inspection first before requiring a more intrusive manual inspection. E.g., Cherry v. Belz, 03-C-129-C, 2003 WL 23205817, *11 (W.D. Wis. Dec. 3, 2003) (prisoner's initial resistance to search required staff to handcuff him during search, making visual inspection impossible).

Cases such as Bell v. Wolfish, 441 U.S. 520 (1979), support the view that touching a prisoner's genitals is not necessarily permissible simply because a strip search is. Because the privacy invasion is greater when a manual search is involved rather than a solely visual inspection, prison officials must show that they had a legitimate security reason for not giving the prisoner an opportunity to comply with a visual inspection. Even if legitimate security reasons exist for proceeding directly to a manual search, there is no legitimate purpose for using a strip search as a means of obtaining sexual gratification or conducting it in a manner intended to humiliate the prisoner,

Because defendants assert in their affidavits that they had no physical contact with plaintiff during the August 21, 2006 strip search, I do not need to address whether they had

4

a legitimate security interest in doing so. However, plaintiff avers in his affidavit that defendants Nickel and Fletcher fondled his genitals during the strip search and that the remaining defendants were present but failed to stop it. From these facts, a jury could find that defendants Nickel and Fletcher conducted the strip search in an unconstitutional matter and that defendant Nickel, Fletcher, Janssen, Toney, Gutjahr and Kmiecik failed in their constitutional duty to prevent the sexual assault from occurring despite a realistic opportunity to do so.

## ORDER

IT IS ORDERED that the plaintiff's motion for leave to file an untimely response to defendants' motion for summary judgment, dkt. #25, is GRANTED and the motion for summary judgment, dkt. #6, filed by defendants John Nickel, Joshua Fletcher, Curt Janssen, Robert Gutjahr, Tyler Kmiecik and Emil Toney is DENIED.

Entered this 12th day of September, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

5